United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 27, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT
_____

No. 03-60845
_____

MANUEL FLORES-LEDEZMA,

                                                Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

                                                Respondent.

_____

Petition for Review of an Order
of the Board of Immigration Appeals
_____

Before JOLLY, HIGGINBOTHAM, and JONES, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

Manuel Flores-Ledezma ("Flores"), an alien convicted of an aggravated felony who is not a legal permanent resident of the United States ("non-LPR"), was removed to Mexico pursuant to expedited removal proceedings under INA § 238(b), 8 U.S.C. § 1228(b).[1] Flores petitions this court for review of his removal order, challenging the Attorney General's statutory discretion to choose between expedited removal proceedings, under which a non-LPR is prohibited from seeking hardship relief, and general removal proceedings as violative of the guarantee of equal protection found

_____

[1]As is customary, we will refer to statutory sections in the Immigration and Nationality Act ("INA") by their INA citation. The corresponding citation in the United States Code will only appear when the statutory section is first cited.

in the Fifth Amendment's Due Process Clause.  Because there exists a rational basis for the Attorney General's exercise of discretion, we find no violation of the Fifth Amendment.  Accordingly, Flores's petition for review is DENIED.

I

Flores is a native and citizen of Mexico who entered the United States without inspection in or about 1995.  In February 1999, Flores was convicted in Texas state court of an aggravated felony.[2]  Flores's criminal conviction came to the attention of the Immigration and Naturalization Service ("INS")[3] during the course of Flores's attempt to adjust his status on the basis of his marriage to a United States citizen.

In August 2003, the INS issued to Flores a Notice of Intent to Issue a Final Administrative Removal Order pursuant to INA § 238(b) (expedited removal).  The Notice charged that Flores was removable under INA § 237(a)(2)(A)(iii), 8 U.S.C. § 1227(a)(2)(A)(iii), for having been convicted of an aggravated felony as defined in INA §

---

[2]Flores concedes that his conviction is considered an aggravated felony under the INA.

[3]As of March 1, 2003, the INS ceased to exist and its functions were transferred to the Department of Homeland Security ("DHS").  See Homeland Security Act of 2002, Pub. L. No. 107-296, §§ 441, 451, 471, 116 Stat. 2135 (Nov. 25, 2002).  Authority over administrative removal proceedings now resides with the DHS, specifically with the Bureau of Immigration and Customs Enforcement.  See Peters v. Ashcroft, 383 F.3d 302, 304 n.1 (5th Cir. 2004).  Mostly out of habit, but also for ease of reading, we refer to the INS in this opinion rather than the assorted acronyms of the DHS divisions responsible for immigration matters.

101(a)(43)(F), 8 U.S.C. § 1101(a)(43)(F). Flores was provided with ten calendar days to respond to these charges in writing.

On September 12, Flores's counsel sent a letter to the INS formally contesting the charges. Counsel further requested that Flores be placed in "general" removal proceedings under INA § 240, 8 U.S.C. § 1229a. Flores asserted that he was eligible to apply for discretionary adjustment of status to that of an LPR under INA § 245, 8 U.S.C. § 1255, with a discretionary "hardship" waiver of his inadmissibility for his criminal offense pursuant to INA § 212(h), 8 U.S.C. § 1182(h). Such discretionary relief is not available to individuals placed in expedited proceedings under INA § 238.[4]

On September 25, the INS informed Flores that expedited removal proceedings were appropriate, and the INS issued its Final Administrative Removal Order, finding that Flores was deportable as charged and ordering that he be removed from the United States to Mexico. One day later, Flores's counsel, apparently unaware of the INS's final order, again requested that Flores be placed in general removal proceedings.

On October 16, Flores filed a petition for review of the INS's final order in this court. Flores was removed from the United States to Mexico on October 21, 2003.

---

[4]Another notable difference between expedited and general removal proceedings is that expedited removal proceedings are administrative proceedings whereas general removal proceedings are before an immigration judge. INA §§ 238(c)(2), 240.

II

A

We begin by reciting the statutory scheme challenged by Flores. The statutes are clear: any alien who has committed an aggravated felony at any time after admission is deportable. INA § 237(a)(2)(A)(iii). A non-LPR who is deportable under INA § 237(a)(2)(A)(iii) may be subject to the issuance of a removal order under either INA § 238 or INA § 240. INA § 238(b). The Attorney General has discretion to determine under which set of procedures the removal order is issued. Id.

Aliens placed in general removal proceedings under § 240 are eligible for discretionary adjustment of status with a discretionary waiver based on hardship to the alien's United States citizen or legal permanent resident family members. INA § 245, 8 U.S.C. § 1255 (adjustment of status); INA § 212(h)(1)(B)(hardship waiver).[5] Aliens placed in expedited removal proceedings, however, are not "eligible for any relief from removal that the Attorney General may grant in the Attorney General's discretion." INA § 238(b)(5). Flores concedes that the expedited removal proceedings comport with minimum standards of due process; he only argues that

_____

[5]Although on its face the hardship waiver found in INA § 212(h)(1)(B) is only applicable to inadmissible aliens, in practice the waiver is also available to deportable aliens. See Jankowski-Burczyk, 291 F.3d 172, 175 & n.1-2 (2d Cir. 2002). INA § 242(a)(2)(B)(i), 8 U.S.C. § 1252(a)(2)(B)(i), also evidences this applicability by noting § 212(h) denials of discretionary relief in its provision precluding judicial review of orders of removal.

4

the Attorney General's unfettered discretion in choosing the proceedings results in an equal protection violation because similarly situated individuals are treated differently.

B

Before we proceed to the merits of Flores's claim, we must examine the jurisdiction of our court to consider Flores's petition for review. Although both parties agree that we have jurisdiction, they assert different bases for that jurisdiction. Flores states in his brief that this court has habeas corpus jurisdiction to hear his petition under 28 U.S.C. § 2241, and the Government states that this court's jurisdiction is based on INA § 238(b)(3), which provides that the alien has an "opportunity to apply for judicial review under section 1252 [INA § 242] of this title." INA § 242 defines the jurisdiction of this court largely by defining where jurisdiction does not exist.

Flores has filed a timely petition for review[6] which is not mooted by his subsequent removal from the United States. Alwan v. Ashcroft, 388 F.3d 507, 510-11 (5th Cir. 2004). Our jurisdiction

---

[6]Flores filed his petition within 30 days of the date of the final order of removal as required by INA § 242(b)(1). Although this court has not before directly spoken to this issue, the fact that the INS's notice to Flores advised him that he could seek judicial review of the order by filing a petition for review within 14 calendar days after the date the final order was issued (presumably the 14-day waiting period for deportation prescribed by INA § 238(b)(3)) does not alter the statutory grant of 30 days to file a petition for review in INA § 242(b)(1).

to review orders from expedited removal proceedings is defined by

INA § 242(a)(2)(C):

> Notwithstanding any other provision of law (statutory or nonstatutory) . . . no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered [in various sections of this title].

Despite the sweeping language of this prohibition on judicial review, this provision was recently amended by the REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231, sec. 106(a)(1)(A)(iii), to clarify that nothing in the above language

> shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals in accordance with this section.

INA § 242(a)(2)(D). This amendment to the INA certainly preserves, if not expands, our settled case law in which we have found that we have jurisdiction to consider "substantial constitutional claims". See Assad v. Ashcroft, 378 F.3d 471, 475 (5th Cir. 2004); Balogun v. Ashcroft, 270 F.3d 274, 278 n.11 (5th Cir. 2001).

We are similarly not deprived of jurisdiction over Flores's petition for review in this case by INA § 242(g), which prohibits courts from having

> jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

6

Flores is not simply challenging the discretionary decision of the Attorney General to commence removal proceedings or execute removal orders, but rather he challenges the constitutionality of the statutory scheme allowing for such discretion. The vehicle for this constitutional challenge is his challenge to the resulting final removal order. In considering this jurisdictional bar, the Supreme Court has noted that its purpose is to exclude from "non-final order judicial review" certain decisions and actions of the Attorney General. See Reno v. American-Arab Anti-Discrimination Comm., 525 U.S. 471, 483 (1999); see also Requena-Rodriguez v. Pasquarell, 190 F.3d 299, 303-04 (5th Cir. 1999) (noting in a habeas case that § 242(g) does not preclude a challenge to a final deportation order); Jimenez-Angeles v. Ashcroft, 291 F.3d 594, 599 (9th Cir. 2002) (jurisdictional bar is to be construed narrowly and does not preclude the court from ruling on constitutional challenges to deportation procedures); Chainski v. Ziglar, 278 F.3d 718, 721 (7th Cir. 2002) (a rare case that presents a substantial constitutional issue or bizarre miscarriage of justice is an exception to § 242(g) jurisdictional bar). Squarely addressing this issue for the first time, we conclude that INA § 242(g) does not preclude us from considering Flores's challenge to his removal order on constitutional grounds.

Because Flores raises a constitutional question in his petition for review, none of the jurisdiction-stripping provisions in the INA deprive this court of its jurisdiction to consider

7

Flores's petition for review.  Accordingly, we have jurisdiction to proceed to the merits of Flores's petition.[7]

C

Finding that we have jurisdiction, we now turn to the merits of Flores's equal protection challenge under the Fifth Amendment to the Attorney General's discretion to initiate expedited removal proceedings against non-LPRs convicted of aggravated felonies.

Both parties agree that the discretion afforded the Attorney General need only meet the standards applied under rational basis review.  See Bolling v. Sharpe, 347 U.S. 497 (1954).  The Supreme Court has held that "a classification neither involving fundamental rights nor proceedings along suspect lines is accorded a strong presumption of validity".  Heller v. Doe, 509 U.S. 312, 319 (1993).  It is unquestioned that the Attorney General's discretion does not involve fundamental rights or a classification along suspect lines and, therefore, this statutory scheme must be "upheld against equal protection challenge if there is any reasonably conceivable state of facts that could provide a rational basis for the classification."  Id. at 320.  Given the "need for special judicial deference to congressional policy choices in the immigration

---

[7]Because we find that we have jurisdiction to review Flores's petition under the INA, we need not consider Flores's contention that this court has habeas jurisdiction under 28 U.S.C. § 2241. Moreover, the recent amendments to INA § 242 by the REAL ID Act raise the question whether habeas continues to provide a basis for this court's jurisdiction.  There is no call for us to address this question today, however.

8

context", "a facially legitimate and bona fide reason" will satisfy the rational basis test. Requena-Rodriquez, 190 F.3d at 309 (internal citations omitted).

Flores asserts that the unfettered discretion giving the Attorney General the power to choose between expedited removal proceedings and general removal proceedings violates equal protection because no rational reason exists for the Attorney General's ability to draw a distinction between similarly situated non-LPRs. The Government counters that the challenged "classification" amounts to prosecutorial discretion, which is all but immune from challenge unless tainted by determinations made on the basis of a suspect class. In the immigration context, the Supreme Court has noted that an alien unlawfully in the United States generally "has no constitutional right to assert selective enforcement as a defense against his deportation." American-Arab Anti-Discrimination Comm., 525 U.S. at 488. Beyond the immigration context, the Supreme Court has upheld prosecutorial choice against equal protection and due process challenges when the government has discretion to prosecute under either of two provisions, one of which has harsher consequences than the other. United States v. Batchelder, 442 U.S. 114, 123-25 (1979). The Government's argument logically urges that an exercise of discretion that bars an alien from applying for wholly discretionary relief cannot constitute an equal protection violation.

Moreover, the Government argues that a rational basis exists for extending the Attorney General such discretion. Specifically, the Government points out that non-LPRs include many persons who could rationally be granted special deference and courtesy under the immigration laws: ambassadors, diplomats, employees of foreign governments, journalists, scholars, teachers, and professors, among others. The Second Circuit recognized this, noting that "[i]n granting § 212(h) discretion to the Attorney General, Congress may rationally have considered that the Attorney General would exercise the discretion to grant waivers rationally for reasons of state, policy, courtesy, or comity, not to illegal aliens of the criminal class." Jankowski-Burczyk, 291 F.3d at 180. The Government also contends that the Attorney General's ability to put non-LPRs into expedited removal proceedings helps to equalize their situation with that of LPRs convicted of aggravated felonies, who are categorically barred from seeking a hardship waiver. See INA § 212(h).[8]

---

[8]The Government also asserts that Flores cannot bring a claim under the equal protection component of the Fifth Amendment's Due Process Clause because Flores has no liberty or property interest in discretionary relief. This court has never directly addressed whether such an interest is required for a Fifth Amendment equal protection claim, although we have suggested that such an interest is required. See, e.g., Requena-Rodriguez, 190 F.3d at 309 n.34. We have also indicated that "due process does not always require of the federal government what equal protection would of the states." Rodriguez-Silva v. I.N.S., 242 F.3d 243, 247 (5th Cir. 2001) (citing Hampton v. Mow Sun Wong, 426 U.S. 88 (1976)). We do not need to reach this question, however, because regardless of whether Flores is required to demonstrate a liberty or property interest in discretionary relief, he has failed to establish an equal

Although we decline at this juncture to equate the Attorney General's discretion to choose which proceeding a non-LPR will receive with prosecutorial discretion, it is fully convincing that the Government has highlighted a rational basis for the Attorney General's exercise of such discretion. Because a legitimate and bona fide reason exists for the Attorney General to choose whether LPRs will be placed in expedited rather than general removal proceedings, the equal protection component of the Fifth Amendment's Due Process Clause is not violated.

### III

For the foregoing reasons, Flores's petition for review of his final order of removal is

DENIED.

---

protection violation under the Fifth Amendment.