United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 11, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-60204
Summary Calendar

RAMZAN ALI LAKHANI

                    Petitioner

        v.

ALBERTO R GONZALES, U S ATTORNEY GENERAL

                    Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
No. A79 008 101

Before KING, Chief Judge, and WIENER and DEMOSS, Circuit Judges.

PER CURIAM:[*]

        Petitioner Ramzan Ali Lakhani petitions this court for
review of a final order of the Board of Immigration Appeals.  For
the following reasons, we GRANT the government's motion to
dismiss the petition for review in part for lack of jurisdiction
and DENY the equal protection challenge.

---

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

-1-

## I. FACTUAL AND PROCEDURAL BACKGROUND

On October 19, 1998, Lakhani, a native and citizen of Pakistan, entered the United States as a non-immigrant visitor with authorization to remain for six months. Lakhani later received a six-month extension, authorizing him to remain in the United States until October 18, 1999. Since then, he has remained in the United States without authorization.

On April 19, 2001, an application of labor certification was filed with the United States Department of Labor seeking to sponsor Lakhani for employment. As required by law, Lakhani subsequently registered with the National Security Entry-Exit Registration System ("NSEERS"). On March 19, 2003, the Department of Homeland Security ("DHS") issued Lakhani a Notice to Appear ("NTA"), charging him with removability under section 237(a)(1)(B) of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(1)(B).[1]

On September 8, 2003, at his initial hearing before the Immigration Judge ("IJ"), Lakhani conceded the charges of removability. At the hearing, after the IJ asked Lakhani's counsel if he wished to designate a country of removal and received a negative reply, the following colloquy occurred:

---

[1] The government, in its motion to dismiss, contends that the DHS initiated removal proceedings on April 24, 2003, with the filing of the NTA. A review of the record shows that a special agent served Lakhani with the NTA on March 19, 2003. The copy is stamped "RECEIVED" by the DHS on April 24, 2003. A.R. at 350-51; see also id. at 160, 167.

```
JUDGE:      All  right.    In  the  absence  of  designation
            Court  corrects  removal  to  [Lakhani's]  native
            country  of  Pakistan.    And  what  relief  would
            [Lakhani]  be  seeking?

COUNSEL:    Your  Honor,  there's  a  labor  certification
            filed  in  this  case  dated  April  19th,  2001,  I'm
            not  aware  at  this  time  of  any  approval  of  a
            labor  --

JUDGE:      April  --

COUNSEL:    19th  --

JUDGE:      --  19  of  --

COUNSEL:    2001.

JUDGE:      --  2001.

COUNSEL:    Not  aware  of  any  approval  of  a  labor
            certification  at  this  time  (indiscernible).

JUDGE:      All  right.    What  relief  will  you  be  seeking?

COUNSEL:    Withholding  of  removal  and  voluntary  departure
            in  the  alternative  at  the  conclusion.

JUDGE:      And  is  [Lakhani]  declining  voluntary
            departure  --  or  at  the  completion  of
            proceedings?

COUNSEL:    Yes,  Your  Honor.

JUDGE:      When  can  you  file  applications  --  any  other
            relief  first  of  all?

COUNSEL:    No,  Your  Honor.
```

A.R. at 174-75.  After hearing Lakhani's requests for withholding

of removal, or in the alternative, voluntary departure, and

asking Lakhani's counsel about the relief Lakhani was seeking,

the IJ proceeded to set the case for a hearing on the merits.

On October 22, 2003, Lakhani filed his application for

-3-

withholding of removal.  At his second hearing before the IJ on November 5, 2003, Lakhani testified before the IJ in an attempt to prove his claim for withholding of removal.  During the hearing, neither Lakhani's counsel nor the government asked Lakhani questions about his application for labor certification or requested a continuance.  At the conclusion of the hearing, the IJ denied Lakhani's requests for withholding of removal and voluntary departure and ordered him removed to Pakistan.  The IJ concluded that Lakhani's testimony was not credible and that even if Lakhani was credible, he had failed to meet his burden of proof for the requested relief.

On November 24, 2003, Lakhani appealed the IJ's decision to the Board of Immigration Appeals ("BIA").  In his BIA appeal, Lakhani challenged, inter alia, the IJ's failure to continue the proceedings based on Lakhani's pending labor certification application.  Lakhani did not challenge the IJ's failure to continue the proceedings on due process or equal protection grounds.

On February 14, 2005, the BIA adopted and affirmed the IJ's order in a per curiam opinion.  The only BIA holding relevant to Lakhani's petition for review is the BIA's decision declining to consider Lakhani's argument that the IJ erred in not granting a continuance.  Specifically, the BIA found that the issue had neither been raised before nor ruled upon by the IJ.  The BIA concluded that the record did not reflect that Lakhani ever

-4-

requested a continuance during the hearing and determined that it lacked jurisdiction to consider the issue. See A.R. at 3 (citing Matter of Jimenez, 21 I. & N. Dec. 567 (B.I.A. 1996) (issue raised on appeal but neither raised before nor ruled upon by the IJ not properly before the BIA)).

On March 15, 2005, Lakhani filed this timely petition for review of the BIA's decision. In his petition for review, Lakhani argues that by failing to continue the proceedings to allow him to pursue his application for adjustment of status, the IJ violated his Legal Immigration Family Equity ("LIFE") Act[2] relief rights and his due process and equal protection rights under the Fifth Amendment. On July 18, 2005, the government filed a motion to dismiss in lieu of an opening brief.

## II. DISCUSSION

As a preliminary matter, the government contends that this court lacks jurisdiction to consider Lakhani's petition for review. According to the government, there is nothing in the colloquy between Lakhani's counsel and the IJ that could remotely be construed as a request by Lakhani to continue his removal proceedings. The government asserts that Lakhani was required to exhaust his continuance request before the IJ because the regulations give the IJ the discretionary authority to grant a continuance upon a showing of good cause. See Resp't Mot. to

---

[2] Pub. L. No. 106-554, 114 Stat. 2763 (2000).

Dismiss at 6 (citing 8 C.F.R. § 1003.29 (2005) ("The Immigration Judge may grant a motion for continuance for good cause shown.")); see also Witter v. INS, 113 F.3d 549, 555 (5th Cir. 1997) ("The grant of a continuance of a deportation hearing lies within the sound discretion of the immigration judge, who may grant a continuance upon a showing of good cause.").  His failure to exhaust his administrative remedies, according to the government, precludes this court's review of his petition for review.  See 8 U.S.C. § 1252(d)(1) (2000) (noting that a court may review a final order of removal only if the alien has exhausted all administrative remedies).  Thus, the government requests that this court dismiss Lakhani's petition for review for lack of jurisdiction.

In response to the government's motion to dismiss, Lakhani argues:

> The identification of the pending labor certification as a form of relief, was, in fact, a continuance request since the only way relief could be granted on that ground was if the removal proceedings were continued in order to permit adjudication.  The [IJ] overruled that request by setting the hearing on the merits without allowing a continuance.

Pet'r Resp. at 2.

We note, as an initial matter, that this court has jurisdiction to determine the proper scope of its own jurisdiction.  See Flores-Garza v. INS, 328 F.3d 797, 802 (5th Cir. 2003); see also Okoro v. INS, 125 F.3d 920, 925 n.10 (5th Cir. 1997) ("When judicial review depends on a particular fact or

-6-

legal conclusion, then a court may determine whether that condition exists. The doctrine that a court has jurisdiction to determine whether it has jurisdiction rests on this understanding.") (internal quotation marks and citation omitted). After carefully reviewing the administrative record, we conclude that we do not have jurisdiction over Lakhani's LIFE Act and due process claims because Lakhani did not request a continuance before the IJ and thus failed to exhaust his administrative remedies.

Based on the colloquy between Lakhani's counsel and the IJ, Lakhani clearly did not request a continuance before the IJ. When asked several times by the IJ what relief Lakhani would be seeking, Lakhani's counsel identified only Lakhani's claims for withholding of removal and voluntary departure. Lakhani's counsel never asked the IJ for a continuance or implied that Lakhani was seeking a continuance to pursue rights applicable to his pending labor certification application. There is simply nothing in the record--at either the September 8, 2003 or November 5, 2003 hearing--that can be construed as a request for a continuance. Lakhani's assertion to the contrary mischaracterizes the colloquy between his counsel and the IJ and the administrative record as a whole. Because Lakhani did not request a continuance before the IJ, thus giving the IJ the discretionary authority to grant or deny the continuance pursuant to 8 C.F.R. § 1003.29, Lakhani has not exhausted his

administrative remedies.  In light of Lakhani's failure to exhaust his administrative remedies, we do not have jurisdiction to consider his argument that the IJ violated his LIFE Act relief rights by not continuing the proceedings.  See Cardoso v. Reno, 216 F.3d 512, 518 (5th Cir. 2000) ("As a matter of jurisdiction, courts may not review the administrative decisions of the INS unless the appellant has first exhausted 'all administrative remedies.'") (quoting 8 U.S.C. § 1252(d)(1)); see also Witter, 113 F.3d at 554.

With regard to his due process challenge, Lakhani contends that the IJ's "arbitrary failure" to grant him a continuance to pursue his application for adjustment of status violated his due process rights.  As this argument is inextricably intertwined with our discussion concerning Lakhani's failure to request a continuance before the IJ (and corresponding failure to exhaust his administrative remedies), it is axiomatic that this due process challenge has no merit.[3]  Accordingly, we grant the government's motion to dismiss in part for lack of jurisdiction.

---

[3] Even if we had jurisdiction to consider Lakhani's due process claim, Lakhani could not prevail because he is challenging the IJ's failure to continue the proceedings, which is a form of discretionary relief.  See 8 C.F.R. § 1003.29.  This court previously has determined that there is no constitutionally protected right to discretionary relief.  See Manzano-Garcia v. Gonzales, 413 F.3d 462, 471 (5th Cir. 2005) ("[W]hat the [petitioners] presuppose is that they have a constitutionally protected right to actual discretionary relief from removal or to be eligible for such discretionary relief . . . . This is incorrect.").

We do have jurisdiction, however, to consider Lakhani's equal protection challenge.  Even though Lakhani failed to raise this claim before the BIA, we retain jurisdiction to consider "substantial constitutional claims."  See 8 U.S.C. § 1252(a)(2)(D) (noting that nothing in the provisions limiting or eliminating judicial review "shall be construed as precluding review of constitutional claims"); see also Flores-Ledezma v. Gonzales, 415 F.3d 375, 380 (5th Cir. 2005) (stating that the amendments under the REAL ID Act of 2005 preserve, if not expand, this circuit's settled case law that we have jurisdiction to consider "substantial constitutional claims") (internal quotation marks and citations omitted).  We review constitutional challenges de novo.  See De Zavala v. Ashcroft, 385 F.3d 879, 883 (5th Cir. 2004); Ogbemudia v. INS, 988 F.2d 595, 598 (5th Cir. 1993).

Lakhani asserts that the requirement that he register under NSEERS triggered the initiation of his removal proceedings. Because NSEERS targets only non-immigrant males over age sixteen from certain targeted countries, including Pakistan, Lakhani contends that his registration with NSEERS alerted the government to his expired visa.  Lakhani alleges that other aliens with pending labor certification applications who do not meet the requirements of NSEERS are not required to register and thus are not at risk of being placed in removal proceedings.  According to Lakhani, such "disparate treatment" violated his equal protection

-9-

rights under the Fifth Amendment.

We find no merit in Lakhani's equal protection argument. This court previously has noted that the Attorney General has broad discretion to initiate removal proceedings against aliens who violate the immigration laws of the United States. See Cardoso, 216 F.3d at 517 (stating that Congress has intended "to protect from judicial intervention the Attorney General's long-established discretion to decide whether and when to prosecute or adjudicate removal proceedings or to execute removal orders") (internal quotation marks and citation omitted). Lakhani does not challenge the fact that he remained in the United States beyond the expiration date of his temporary visa in violation of § 1227(a)(1)(B). Because the IJ found Lakhani removable on § 1227(a)(1)(B) grounds and not pursuant to his registration under NSEERS, we reject Lakhani's equal protection challenge.[4]

---

[4] Moreover, in considering an equal protection challenge against certain nationality-sensitive provisions in the Nicaraguan Adjustment and Central American Relief Act ("NACARA"), this court previously has stated:

The core of Congress's power over immigration is the ability to set the requirements an alien must meet to qualify for admission to, or continued residence in, the United States or for naturalization as a United States citizen. Due process does not require Congress to grant aliens from all nations the same chances for admission to or remaining within the United States. Congress may permissibly set immigration criteria that are sensitive to an alien's nationality or place of origin. . . . We hold that the equal protection principles that are implicit in the Due Process Clause of the Fifth Amendment do not in any way restrict Congress's power to use nationality or place of origin as criteria for the naturalization of aliens or for their admission to or

**III. CONCLUSION**

For the foregoing reasons, we GRANT the government's motion to dismiss for lack of jurisdiction in part and DENY the petition for review on Lakhani's equal protection claim. All pending motions are denied.

---

exclusion or removal from the United States. Rodriquez-Silva v. INS, 242 F.3d 243, 248 (5th Cir. 2001); see also Zafar v. U.S. Att'y Gen., 426 F.3d 1330, 1336 (11th Cir. 2005) (holding that the "[p]etitioners' equal protection rights were not violated by being required to be registered in the [NSEERS], which they argue precipitated them being placed in these discretionary removal proceedings by the Attorney General, where other non-Pakistani citizens were not so required to register").