United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 8, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-61100
Summary Calendar
_____

MARGOT TORRICO-SANCHEZ, also known as Rose Gomez,

                                        Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

                                        Respondent.

--------------------
Petition for Review of a Final Administrative
Removal Order
No. A 77 804 531
--------------------

Before DAVIS, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

    Margot Torrico-Sanchez (Torrico) petitions this court to

review her final administrative removal order, challenging the

Attorney General's discretion to place her in expedited removal

proceedings under U.S.C. §§ 1228(b)(1), (2).  The Department of

Homeland Security (DHS) charged Torrico with being removable

based on a prior aggravated felony conviction, pursuant to

8 U.S.C. § 1227(a)(2)(A)(iii).

    Torrico avers that the Attorney General acted in an

arbitrary manner in not placing her into general removal

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

proceedings. She argues that this "raw exercise" of power deprived her of due process of law under the Fifth Amendment to the Constitution. The Government contends that this court is without jurisdiction to consider the issue.

The REAL ID Act precludes judicial review of any removal order based on, inter alia, commission of an aggravated felony. 8 U.S.C. § 1252(a)(2)(C); Hernandez-Castillo v. Moore, 436 F.3d 516, 519 (5th Cir.), cert. denied, 127 S. Ct. 40 (2006). The Act also generally precludes judicial review of discretionary decisions of the Attorney General. Gutierrez-Morales v. Homan, 461 F.3d 605, 609 (5th Cir. 2006). However, none of the provisions of the Act "shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review." 8 U.S.C. § 1252(a)(2)(D).

Because Torrico concedes that she was removable as an aggravated felon, 8 U.S.C. § 1252(a)(2)(C) deprives this court of jurisdiction unless Torrico's argument presents a constitutional claim or question of law. Although Torrico attempts to cloak her arguments in terms of a due process violation and incorrect legal conclusions, she is merely attempting to challenge the DHS's particular discretionary decision to place her in expedited removal proceedings. See Delgado-Reynua v. Gonzales, 450 F.3d 596, 599-600 (5th Cir. 2006); Hadwani v. Gonzales, 445 F.3d 798, 800-01 (5th Cir. 2006); Flores-Ledezma v. Gonzales, 415 F.3d 375, 379 (5th Cir. 2005). Thus, this court has no jurisdiction over

this issue.  See Wilmore v. Gonzales, 455 F.3d 524, 526-29 (5th Cir. 2006).

Torrico argues that the DHS Field Office Director violated her due process rights when he failed to consider her "supplemental submissions," her mental and medical condition, her status as a battered spouse, and her entitlement to protection under the Violence Against Women Act.  This court has jurisdiction over this claim.  See 8 U.S.C. § 1252(a)(2)(D).

Torrico has not, however, shown that she is entitled to relief on her due process claim.  The supplemental documentary submissions were appropriately excluded from the administrative record because they were submitted after the 10-day rebuttal period.  See 8 C.F.R. § 238.1(c)(1).  With regard to her mental and medical condition and her status as a battered spouse, the DHS Director specifically stated that he had considered Torrico's response to the charge of removability, which raised these issues.  Lastly, Torrico's argument that the DHS Director failed to give her the protections afforded under the Violence Against Women Act is raised for the first time in her petition for review and will not be considered by this court.  See Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir. 1999).  Accordingly, the petition for review is DISMISSED IN PART FOR LACK OF JURISDICTION and DENIED IN PART.