# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 27, 2008

Charles R. Fulbruge III
Clerk

No. 06-60858
Summary Calendar

HOANEY CANTERBURY

Petitioner

v.

MICHAEL B MUKASEY, U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A44 749 402

Before WIENER, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Petitioner Hoaney Canterbury seeks review of an order by the Board of Immigration Appeals (BIA) that affirmed the Immigration Judge's (IJ) removal order. Canterbury contends that, pursuant to Lopez v. Gonzales, 127 S. Ct. 625 (2006), the IJ erred when he determined that Canterbury had been convicted of an aggravated felony and therefore was not eligible for cancellation of removal. Canterbury has abandoned any challenge to the denial of his applications for

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

withholding of removal and for protection under the Convention Against Torture. See Thuri v. Ashcroft, 380 F.3d 788, 793 (5th Cir. 2004). Canterbury's motion to supplement his reply brief is granted.

Under 8 U.S.C. § 1252(a)(2)(C), we do not have jurisdiction to review a final order of removal of an alien who is removable because he was convicted of an aggravated felony. Nehme v. INS, 252 F.3d 415, 420 (5th Cir. 2001). We do, however, have jurisdiction to consider "constitutional claims or questions of law raised upon a petition for review filed with the appropriate court of appeals." § 1252(a)(2)(D); Flores-Ledezma v. Gonzales, 415 F.3d 375, 380 (5th Cir. 2005).

The INA lists as an "aggravated felony" "illicit trafficking in a controlled substance . . . including a drug trafficking crime (as defined in section 924(c) of title 18)," 8 U.S.C. § 1101(a)(43)(B), but does not define "illicit trafficking." Title 18 U.S.C. § 924(c)(2) defines "drug trafficking crime" to include "any felony punishable under the Controlled Substances Act" (CSA).

In Lopez, 127 S. Ct. at 633, the Supreme Court held that a state offense constitutes a felony punishable under the CSA only if such offense proscribes conduct that would be punishable as a felony under that federal law. Under the CSA, 21 U.S.C. § 841(a) prohibits the distribution of a controlled substance. Distribution of specified controlled substances, including cocaine, is punishable by imprisonment for more than one year. See 21 U.S.C. § 841(b). Accordingly, Lopez provides no relief to Canterbury, so we deny his petition for review. See Arce-Vences v. Mukasey, 512 F.3d 167, 171-73 (5th Cir. 2007).

A successive petition for review, filed by Canterbury in the Second Circuit, has been transferred to us from that circuit. We lack jurisdiction to consider Canterbury's successive petition for review. See 8 U.S.C. § 1252(d)(2).

PETITION FOR REVIEW DENIED; MOTION GRANTED; SUCCESSIVE PETITION FOR REVIEW DISMISSED.