**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 29, 2011

Lyle W. Cayce
Clerk

No. 10-60947
Summary Calendar

ANTONIO DE JESUS NAVA-ALMAGUER,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A041 859 583

Before SMITH, BARKSDALE, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Petitioner, Antonio De Jesus Nava-Almaguer, a native and citizen of Mexico, seeks review of the Board of Immigration Appeals' (BIA) dismissing his appeal of an order of removal. The BIA dismissed the appeal due to Nava's prior conviction of an aggravated felony. Our jurisdiction is limited to colorable constitutional issues and questions of law. 8 U.S.C. § 1252(a)(2)(C)-(D).

Nava contends his prior conviction for aggravated assault with a deadly weapon was *not* an "aggravated felony" because his entire sentence was

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

suspended. He asserts that 8 U.S.C. § 1101(a)(43)(F) (definition of "aggravated felony") requires one to *serve* a sentence of one year. Because the question whether Nava has committed an aggravated felony is a legal one, we have jurisdiction to review his petition; it's reviewed *de novo*. *E.g.*, *Dale v. Holder*, 610 F.3d 294, 297 (5th Cir. 2010).

The term "aggravated felony" is defined in § 1101(a)(43)(F) as "a crime of violence . . . for which the term of imprisonment [is] at least one year". "Any reference to a term of imprisonment or a sentence with respect to an offense is deemed to include the period of incarceration or confinement ordered by a court of law *regardless of any suspension* of the imposition or execution of that imprisonment or sentence in whole or in part." 8 U.S.C. § 1101(a)(48)(B) (emphasis added).

Therefore, if the sentencing court imposes a sentence of imprisonment, and then suspends it, the sentence nevertheless counts under § 1101(a)(43)(F) for determining whether the term of imprisonment was at least one year. *United States v. Mondragon-Santiago*, 564 F.3d 357, 368 (5th Cir.), *cert. denied*, 130 S. Ct. 192 (2009). Nava's five-year suspended sentence meets the required term of imprisonment to constitute an aggravated felony.

Nava contends his ineligiblity for relief from removal, pursuant to 8 U.S.C. § 1182(h), violates his Fifth Amendment right to equal protection of the laws. Although our court lacks jurisdiction to review the denial of a waiver of inadmissibility under § 1182(h), we do have jurisdiction "to review the question of law presented by [a] challenge to the BIA's construction of [§ 1182(h)]". *Martinez v. Mukasey*, 519 F.3d 532, 541 (5th Cir. 2008). An alien's equal-protection challenge arises under the Fifth Amendment's Due Process Clause. *E.g.*, *Malagon de Fuentes v. Gonzales*, 462 F.3d 498, 502-03 & n.7 (5th Cir. 2006). An equal-protection challenge in this context is subject to rational-basis review. *Flores-Ledezma v. Gonzales*, 415 F.3d 375, 381 (5th Cir. 2005).

No. 10-60947

In *Malagon de Fuentes*, 462 F.3d at 506, petitioner maintained, as does Nava, that it was an equal-protection violation for the law to distinguish between lawful permanent residents (LPRs), such as Nava, and aliens who entered the country illegally, for the purpose of § 1182(h) waiver eligibility. Our court noted: "Every one of our sister courts to have addressed this question have upheld § 1182(h)'s apparent favoring of non-LPRs against equal protection attack". *Id.* We agreed with those courts that Congress' distinction between LPRs and inadmissible aliens for § 1182(h) waiver eligibility has a rational basis. *Id.* Accordingly, Nava's equal-protection contention fails.

Citing *Padilla v. Kentucky*, 130 S. Ct. 1473 (2010), Nava contends his conviction for aggravated assault is invalid because he was *not* properly advised of the immigration consequences of his guilty plea. He asserts he has filed a writ of habeas corpus in the criminal court on this basis, and he could *not* have brought this claim before the BIA because it was *not* available until after 31 March 2010, when *Padilla* was decided.

We lack jurisdiction to address this claim, due to Nava's conceded failure to exhaust his remedies before the BIA. 8 U.S.C. § 1252(d)(1); *Wang v. Ashcroft*, 260 F.3d 448, 452-53 (5th Cir. 2001).

DENIED.