**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 7, 2012

Lyle W. Cayce
Clerk

No. 11-60473
Summary Calendar

JOSE MIGUEL HERNANDEZ, also known as Jose Hernandez,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A034 143 246

Before REAVLEY, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

Jose Miguel Hernandez, a native and citizen of Mexico, petitions this court for review of the Board of Immigration Appeals's (BIA) order dismissing his appeal of an order of removal. Hernandez was ordered removed because the Immigration Judge found that he had been convicted of an aggravated felony. Hernandez argues that his ineligibility for relief from removal pursuant to 8 U.S.C. § 1182(h) based on the fact that he was admitted as a lawful permanent

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

resident (LPR) and subsequently convicted of an aggravated felony violates his right to equal protection of the laws under the Fifth Amendment.

Although we lack jurisdiction to review the denial of a waiver of inadmissibility under § 1182(h), we have jurisdiction "to review the question of law presented by [a] challenge to the BIA's construction of § 212(h)." *Martinez v. Mukasey*, 519 F.3d 532, 541 (5th Cir. 2008). An alien's equal protection challenge arises under the Fifth Amendment Due Process Clause. *Malagon de Fuentes v. Gonzales*, 462 F.3d 498, 502-03 & n.7 (5th Cir. 2006). An equal protection challenge in this context is subject to rational basis review. *Flores-Ledezma v. Gonzales*, 415 F.3d 375, 381 (5th Cir. 2005).

In *Malagon de Fuentes*, 462 F.3d at 506, the petitioner argued that it was a violation of equal protection for the law to distinguish between lawful permanent residents and aliens who entered the country illegally for purposes of eligibility for a § 1182(h) waiver. We noted that "[e]very one of our sister courts to have addressed this question have upheld § 1182(h)'s apparent favoring of non-LPRs against equal protection attack." *Id.* We agreed with those courts that the distinction made by Congress between lawful permanent residents and inadmissible aliens in § 1182(h) for waiver eligibility has a rational basis. *Id.* Hernandez's equal protection argument is without merit.

Hernandez also contends that Congress did not intend for LPRs to be treated differently from aliens who adjusted their status after arrival. However, in *Martinez*, we found that the language in § 1182(h) was unambiguous and that Congress' intent was clear. *Martinez*, 519 F.3d at 544-45. The language plainly states that an alien admitted as a LPR is prohibited from seeking a waiver whereas an alien not admitted as a LPR is not barred from such relief. *Id.* at 544-56.

Accordingly, Hernandez's petition for review is DENIED.