# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 21, 2021

Lyle W. Cayce
Clerk

No. 20-50527
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ENRIQUE RAMOS, JR.,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:19-CR-155-1

Before KING, SMITH, and HAYNES, *Circuit Judges*.

PER CURIAM:*

Enrique Ramos, Jr., appeals his conviction and 63-month, within-guidelines sentence for possessing a firearm as a felon in violation of 18 U.S.C. § 922(g)(1). He argues that his sentence is procedurally and substantively unreasonable and that it violates the Eighth Amendment's

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

prohibition against cruel and unusual punishment and his right to equal protection. He also argues that the district court was biased.

We engage in a bifurcated review of the sentence imposed by a district court. *See Gall v. United States*, 552 U.S. 38, 51 (2007). We first consider whether the district court committed a "significant procedural error," such as failing to adequately explain the sentence. *United States v. Odom*, 694 F.3d 544, 547 (5th Cir. 2012) (internal quotation marks and citation omitted); *see Gall*, 552 U.S. at 51. If there is no procedural error, or if any such error is harmless, we "may proceed to the second step and review the substantive reasonableness of the sentence imposed for an abuse of discretion." *Odom*, 694 F.3d at 547.

Because Ramos did not object that the district court had failed to state reasons for its sentence, we review this argument for plain error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). To prevail on plain-error review, a defendant must show that an error occurred, that it was clear or obvious, and that it affected his substantial rights. *Id.* If those factors are established, the decision to correct the forfeited error is within the court's sound discretion if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

The record shows that the district court read the medical information, letters from Ramos's family, and Ramos's sentencing memorandum, and considered the 18 U.S.C. § 3553(a) factors. We can infer from the record that the district court imposed a sentence at the top of the guidelines range based on Ramos's lengthy criminal history, including many outstanding warrants at the time of his arrest, and the need to deter him from additional criminal activity and to promote respect for the law. *See United States v. Whitelaw*, 580 F.3d 256, 263 (5th Cir. 2009). While its statement of reasons was brief, it was legally sufficient. *See Rita v. United States*, 551 U.S. 338, 356 (2007).

We review Ramos's preserved challenge to the substantive reasonableness of his sentence under an abuse-of-discretion standard. *See Gall*, 552 U.S. at 51. Contrary to Ramos's assertion, it is well-settled in this court that a sentence within a properly calculated guideline range is entitled to a presumption of reasonableness. *See United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006); *see Rita*, 551 U.S. at 347. The record shows that the district court considered Ramos's sentencing memorandum and the attached materials. Ramos has not rebutted the presumption of reasonableness by showing that the district court failed to account for a factor that should have received significant weight or that it gave "significant weight to an irrelevant or improper factor," and the sentence does not represent "a clear error of judgment in balancing the sentencing factors." *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). Ramos has not shown that his sentence was unreasonable.

Ramos next argues that the outbreak of the COVID-19 pandemic and its detrimental effect on prisoners' health and safety renders his sentence cruel and unusual under the Eighth Amendment. He suggests that a review on direct appeal of whether a sentence was cruel and unusual can include consideration of prison conditions, but he does not cite any precedent for this proposition. We typically review an Eighth Amendment challenge de novo. *See United States v. Smith*, 895 F.3d 410, 418 (5th Cir. 2018). Ramos raised a general Eighth Amendment objection but did not present the arguments that he raises on appeal. Because he cannot prevail under any potentially applicable standard, we need not resolve the standard of review. *See United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir. 2008).

The Eighth Amendment prohibits sentences that are grossly disproportionate to the offense, and Ramos's 63-month, within-guidelines sentence is clearly not grossly disproportionate to possessing a firearm as a felon. *See Rummel v. Estelle*, 445 U.S. 263, 271-72, 284-85 (1980). Ramos

may raise his prison condition claims in a 42 U.S.C. § 1983 action or may request compassionate release under the First Step Act, *see* First Step Act, Pub. L. No. 115-391, § 603(b)(1), 132 Stat. 5194, 5239 (2018).

Ramos also contends that the Guidelines violate his right to equal protection under the Due Process Clause of the Fifth Amendment. While he raised a general objection in the district court, he argues for the first time on appeal that his sentence violates equal protection because he was "sentenced based on an overstated criminal history score that is predicated on offenses that indicate that he is Hispanic, indigent, and was an active addict during the time these offenses occurred" and that a similarly situated white middle class or affluent person was "unlikely to possess a criminal history that includes multiple failure to maintain financial liability type offenses," to have "a long history of untreated substance abuse," or "to have been racially targeted while driving, or arrested pretextually and searched for controlled substances." Because Ramos cannot prevail under any potentially applicable standard, we decline to resolve the standard of review. *See Rodriguez*, 523 F.3d at 525.

The Equal Protection Clause of the Fourteenth Amendment prohibits states from "deny[ing] to any person within its jurisdiction the equal protection of the laws." U.S. CONST. amend. 14, § 1. "This clause is implicitly incorporated into the Fifth Amendment's guarantee of due process." *Brackeen v. Haaland*, 994 F.3d 249, 332 (5th Cir. 2021). The same analysis applies to equal protection claims under both the Fifth and Fourteenth Amendments. *Id.* To maintain an equal protection claim, Ramos must "prove that he received treatment different from that received by similarly situated individuals and that the unequal treatment stemmed from a discriminatory intent." *Taylor v. Johnson*, 257 F.3d 470, 473 (5th Cir. 2001).

Rational basis review applies as Ramos focuses solely on the impact of the Guidelines and does not argue that they were implemented with a discriminatory animus or purpose. *See United States v. Cherry*, 50 F.3d 338, 343 (5th Cir. 1995). Under rational basis review, a "penalty scheme will survive the equal protection challenge if this Court finds the scheme rationally related to a legitimate government purpose." *Id.* at 344.

Ramos concedes that there is a compelling government interest in protecting the public from repeat offenders, and he argues that the Guidelines are not narrowly tailored and therefore do not survive strict scrutiny, but he does not address the sentencing scheme under rational basis review. *See id.* Ramos has not overcome the strong presumption of the validity of the Guidelines or shown that the district court committed error, plain or otherwise, in overruling his equal protection challenge. *See Flores-Ledezma v. Gonzales*, 415 F.3d 375, 381 (5th Cir. 2005).

In his final issue, Ramos has presented no evidence of bias. The district court denied as moot his motion to seal the sentencing memorandum because it was automatically sealed without request for leave; the sentencing memorandum and attachments were entered into the record; and the record shows that Ramos had no objections to the presentence report.

Accordingly, the judgment of the district court is AFFIRMED.