# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 6, 2012

No. 11-31136

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BOBBY C. ODOM,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana

Before KING, SMITH, and HIGGINSON, Circuit Judges.

PER CURIAM:

Bobby C. Odom appeals his 264-month sentence following his guilty plea to sexual exploitation of children, in violation of 18 U.S.C. § 2251(a), (e) and § 2. Odom's sole contention on appeal is that the district court erred in applying a two-level enhancement for distribution of explicit materials involving a minor under § 2G2.1(b)(3) of the U.S. Sentencing Guidelines Manual. For the reasons stated below, we AFFIRM the judgment of the district court.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Defendant–Appellant Bobby C. Odom pleaded guilty to Count One of an indictment charging him and Richard A. Franklin with the sexual exploitation of children, in violation of 18 U.S.C. § 2551(a), (e) and § 2. The district court imposed a Guidelines sentence, beginning with a base offense level of 32 under

U.S. Sentencing Guidelines Manual § 2G2.1(a). The district court increased the offense level by two levels under § 2G2.1(b)(1)(B) based on its conclusion that Odom's offense involved a minor who had attained the age of 12 years but not attained the age of 16 years, and the court imposed another two-level increase under § 2G2.1(b)(2)(A) because the offense involved the commission of a sexual act or sexual contact. The district court then imposed an additional two-level increase under § 2G2.1(b)(3) based on its finding that Odom's "offense involved distribution." Because Odom's offense involved two minor victims, the district court then calculated a combined offense level of 40 under § 3D1.4. Finally, the district court applied a three-level reduction based on Odom's acceptance of responsibility under § 3E1.1(b), resulting in a total offense level of 37. Based on the total offense level of 37 and Odom's criminal history category of III, the Guidelines imprisonment range was 262 to 327 months. The district court imposed a sentence of 264 months' imprisonment, followed by a supervised release term of 10 years.

At sentencing, Odom objected to the imposition of the enhancement for distribution under § 2G2.1(b)(3). The Guidelines define "distribution" as "any act, including possession with intent to distribute, production, transmission, advertisement, and transportation, related to the transfer of material involving the sexual exploitation of a minor." U.S. SENTENCING GUIDELINES MANUAL § 2G2.1 cmt. n.1. Odom contended that there was no evidence that any explicit materials had been distributed, and that his assistance in producing the images did not make out "distribution" under the Guidelines. However, the district court adopted the finding in Odom's Presentence Investigation Report ("PSR") that Franklin, Odom's co-defendant, had "advised [law enforcement] that several adults had seen the [explicit] pictures [at issue]." The district court did not expressly rule on Odom's "production" argument, stating only that "the two-point enhancement is not improperly applied in this particular case under those factual circumstances set forth in the presentence report." Odom timely

appealed, reiterating his contention that the district court improperly applied the enhancement for distribution under § 2G2.1(b)(3).

## II. DISCUSSION

### A. Standard of Review

Odom properly preserved his challenge to the district court's imposition of an enhancement under § 2G2.1(b)(3), and thus the district court's adjustment is reviewed for abuse of discretion. *See United States v. Gutierrez*, 635 F.3d 148, 154 (5th Cir. 2011). This court reviews the district court's interpretation and application of the Guidelines de novo, and the district court's factual findings are reviewed for clear error. *United States v. Cisneros–Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). "There is no clear error if the district court's finding is plausible in light of the record as a whole." *Id.* (citation and internal quotation marks omitted). A factual "finding will be deemed clearly erroneous if, based on the record as a whole, [this court is] left with the definite and firm conviction that a mistake has been committed." *United States v. Ekanem*, 555 F.3d 172, 175 (5th Cir. 2009) (citation and internal quotation marks omitted).

Pursuant to *Gall v. United States*, 552 U.S. 38, 49–51 (2007), this court engages in a bifurcated review process of the sentence imposed by the district court. *United States v. Delgado–Martinez*, 564 F.3d 750, 752 (5th Cir. 2009). First, this court considers whether the district court committed a "significant procedural error," such as miscalculating the advisory Guidelines range. *Id.* If there is no error or the error is harmless, this court may proceed to the second step and review the substantive reasonableness of the sentence imposed for an abuse of discretion. *Id.* at 753. Odom, however, does not challenge the substantive reasonableness of his sentence on appeal.

### B. Enhancement under U.S. Sentencing Guidelines Manual § 2G2.1(b)(3)

Odom contends that, in calculating his sentence, the district court erred by imposing a two-level enhancement under § 2G2.1(b)(3). Odom challenges the district court's finding that Franklin distributed the explicit images Odom

helped to produce. The district court based its finding on the statement in Odom's PSR that Franklin admitted that he allowed several adults to view the images at issue. According to Odom, however, there is no evidence that Franklin showed the images to anyone other than Odom.

We conclude that the district court did not commit clear error in concluding that, as set out in the PSR, Franklin had shown the images at issue to several adults. As this court has stated,

> [g]enerally, a PSR bears sufficient indicia of reliability to permit the sentencing court to rely on it at sentencing. The defendant bears the burden of demonstrating that the PSR is inaccurate; in the absence of rebuttal evidence, the sentencing court may properly rely on the PSR and adopt it.

*United States v. Ollison*, 555 F.3d 152, 164 (5th Cir. 2009) (citation and internal quotation marks omitted). At the sentencing hearing, counsel for Odom objected to the enhancement under § 2G2.1(b)(3), and indicated that he had not seen evidence that Franklin had shown the images at issue to anyone other than Odom. However, "rebuttal evidence must demonstrate that the PSR information is materially untrue, inaccurate or unreliable." *United States v. Parker*, 133 F.3d 322, 329 (5th Cir. 1998) (internal quotation marks omitted). In addition, "[m]ere objections do not suffice as competent rebuttal evidence." *Id.* Thus, Odom failed to demonstrate that the PSR was inaccurate, and the district court did not clearly err in finding that Franklin had shown the explicit images to several adults.

Odom further argues that the § 2G2.1(b)(3) enhancement does not apply because he did not distribute the images in question, and his help in producing the images does not make out "distribution" as defined in the Guidelines. *See* § 2G2.1 cmt. n.1. Whether Odom personally "distributed" the images is inapposite, however, because the district court implicitly determined that Franklin's act of distribution was fairly attributable to Odom as "relevant conduct." Under the Guidelines, the relevant conduct used to determine a

4

No. 11-31136

defendant's advisory sentencing range includes "all harm that resulted from" "all acts and omissions committed . . . by the defendant." § 1B1.3(a)(1), (a)(3). The record shows that Franklin's distribution of the images—the contemplated "harm" to the minor victims—resulted from Odom's help in producing them. *United States v. Valenzuela-Contreras*, 340 F. App'x 230, 236 (5th Cir. 2009) (applying Guidelines enhancement where harm indirectly resulted from the defendant's acts). On appeal, Odom does not dispute that Franklin's distribution of the explicit images constituted harm to the victims, or that Odom's assistance in producing the images ultimately resulted in their distribution. Odom contends only that there was no evidence of distribution. However, as discussed above, the district court's factual finding that Franklin distributed the images was not clearly erroneous. Consequently, we conclude that the district court properly determined that Franklin's distribution of the images that Odom helped to create was relevant conduct attributable to Odom.

### III. CONCLUSION

For the reasons stated above, we AFFIRM the judgment of the district court.

5