# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-60019
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 14, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

MARCO LAQUIN ROGERS,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:12-CR-127

Before SMITH, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:[*]

Marco Laquin Rogers challenges his 480-month sentence, which is below the sentencing range under the advisory Sentencing Guidelines and was imposed following his jury-trial conviction for: transporting a minor (a four-year-old child) for the purpose of engaging in commercial sexual acts, in violation of 18 U.S.C. § 1591(a); and persuading, inducing, enticing, and coercing a minor to engage in sexually explicit conduct for the purpose of

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

producing a visual depiction of such conduct, in violation of 18 U.S.C. § 2251(a). He claims the district court committed procedural error by applying sentencing enhancements for: using a computer, pursuant to Guideline § 2G2.1(b)(6); distributing pornographic images, pursuant to § 2G2.1(b)(3); and having custody, care, or control over the minor victim, pursuant to § 2G2.1(b)(5). He also claims procedural error by asserting the application of enhancements based on the age of the victim, the offense involving sexual contact, and the offense involving sadistic conduct resulted in impermissible double-counting. He further asserts his sentence is substantively unreasonable because the court failed: to adequately consider whether a sentencing disparity would result, given his codefendant received a 278-month sentence; and to address whether it considered his being sexually molested as a child.

Although post-*Booker*, the Guidelines are advisory only, and a properly preserved objection to an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the advisory Guidelines-sentencing range for use in deciding on the sentence to impose. *Gall v. United States*, 552 U.S. 38, 51 (2007). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g., United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

But, because Rogers did not raise his objections to the application of the enhancements at issue in district court, review is only for plain error. *E.g., United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012). Under that standard, Rogers must show a forfeited plain (clear or obvious) error that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he does so, we have the discretion to correct the error, but should do

so only if it seriously affects the fairness, integrity, or public reputation of the proceedings. *Id.*

Rogers claims the court erred in applying a computer-use enhancement. He contends:  a cell phone is not a "computer" for purposes of the enhancement; and, because the evidence showed he used only a cell phone, the enhancement is inapplicable.  Although our court has not addressed whether a cell phone falls within the definition of "computer" for purposes of Guideline § 2G2.1(b)(6), at least two other circuits have concluded the use of a cell phone to make calls and send text messages constitutes the use of a computer for purposes of the enhancement.  *United States v. Mathis*, 767 F.3d 1264, 1282 (11th Cir. 2014); *United States v. Kramer*, 631 F.3d 900, 902–04 (8th Cir. 2011).  Accordingly, even assuming the court erred in applying the enhancement based on Rogers' cell-phone use, any error was neither clear nor obvious.  *E.g., United States v. Salinas*, 480 F.3d 750, 759 (5th Cir. 2007).

Further, Rogers challenges the sufficiency of the evidence supporting this computer-use enhancement.  Although Rogers claims no direct evidence shows his communications were made to facilitate the travel of the child, a reasonable inference can be drawn that Rogers communicated with the child's uncle either by phone or text in an effort to facilitate taking the minor.  *See, e.g., United States v. Wilcox*, 631 F.3d 740, 755 (5th Cir. 2011).

Additionally, Rogers has failed to show that the court committed plain (clear or obvious) error in applying enhancements based on distribution of a sexually-explicit video, under Guideline § 2G2.1(b)(3), and, his custody or control of the child, under Guideline § 2G2.1(b)(5).  Distribution of sexually explicit images by a codefendant can be used against the defendant as "relevant conduct" where, as in this instance, the defendant participates in the production of the material.  *See United States v. Odom*, 694 F.3d 544, 547–48

(5th Cir. 2012).  "A determination of relevant conduct is a finding of fact," *United States v. Ekanem*, 555 F.3d 172, 175 (5th Cir. 2009), which can never constitute plain error, *e.g., United States v. Lopez*, 923 F.2d 47, 50 (5th Cir. 1991).  Similarly, whether a victim was in the "custody, care, or supervisory control" of the defendant is a factual determination.  *E.g., United States v. Alfaro*, 555 F.3d 496, 498–99 (5th Cir. 2009).

As for his double-counting contention, Rogers acknowledges the Guidelines at issue do not forbid the imposition of the challenged enhancements, and he concedes his argument is foreclosed.  *See, e.g., United States v. Garcia-Gonzalez*, 714 F.3d 306, 315–16 (5th Cir. 2013).

Finally, Rogers claims his sentence is substantively unreasonable because the court failed to account for the possible sentencing disparity between his and his codefendant's sentence and his childhood sexual abuse.  Although Rogers failed to properly object to these bases, review is arguably for abuse of discretion because he asserted them at sentencing.  *See, e.g., United States v. Rodriguez*, 523 F.3d 519, 526 & n.1 (5th Cir. 2008).  In addressing the § 3553(a) sentencing factors, the court specifically addressed the need to avoid unwarranted sentencing disparities, but noted the varying conduct between Rogers and his codefendant, and stated it considered Rogers' personal history and circumstances, including the testimony of witnesses presented in mitigation of sentence.  Under the circumstances, Rogers fails to demonstrate an abuse of discretion.  *See, e.g., Gall*, 552 U.S. at 51–52.

AFFIRMED.