# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 14, 2020

Lyle W. Cayce
Clerk

No. 19-11101
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Wesley Wayne Wakeford,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:19-CR-112-4

Before Clement, Higginson, and Engelhardt, *Circuit Judges*.
Per Curiam:*

Wesley Wayne Wakeford pleaded guilty to conspiring to possess with intent to distribute methamphetamine and was sentenced within the advisory guidelines range to 71 months in prison. On appeal, he challenges the district court's application of a two-level enhancement, its failure to apply a two-level

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

reduction, and its failure to grant a downward variance. We find no error and affirm.

Because Wakeford's offense involved methamphetamine imported from Mexico, the district court applied an enhancement under U.S.S.G. § 2D1.1(b)(5). Wakeford does not dispute the origin of the drug but maintains that based on our decision in *United States v. Rodriguez*, 666 F.3d 944 (5th Cir. 2012), the enhancement also required a showing of proximity, familiarity, and repeated business with the importers. This argument is foreclosed by *United States v. Foulks*, 747 F.3d 914, 914-15 (5th Cir. 2014), as Wakeford acknowledges. Although he argues that *Foulks* was wrongly decided, one panel of this court may not overturn the decision of another panel absent an intervening change in the law. *See Jacobs v. Nat'l Drug Intelligence Ctr.*, 548 F.3d 375, 378 (5th Cir. 2008).

Wakeford also contends he should have received a minor-role adjustment under U.S.S.G. § 3B1.2(b). Even assuming this contention was preserved in the district court, it fails. Whether a defendant qualifies as a minor participant under § 3B1.2(b) is a factual question reviewed for clear error, and a factual finding is not clearly erroneous if it is plausible in light of the record as a whole. *See United States v. Gomez-Valle*, 828 F.3d 324, 327 (5th Cir. 2016). A defendant is entitled to a § 3B1.2 adjustment only if he shows by a preponderance of the evidence that he is substantially less culpable than the average participant in an offense. *United States v. Castro*, 843 F.3d 608, 613 (5th Cir. 2016). Wakeford, who presented no evidence concerning the offense at issue, has not done that. He fails to establish that the district court clearly erred. *See Gomez-Valle*, 828 F.3d at 327.

Lastly, we consider Wakeford's argument that the district court erred in not granting a downward variance, a claim that "amounts to a challenge to the substantive reasonableness" of the sentence imposed. *United States v.*

*Douglas*, 957 F.3d 602, 609 (5th Cir. 2020) (internal quotation marks and citation omitted). We review for substantive reasonableness under an abuse-of-discretion standard. *See United States v. Odom*, 694 F.3d 544, 547 (5th Cir. 2012). Because Wakeford's 71-month sentence falls within the guidelines range of 57 to 71 months, it is entitled to a presumption of reasonableness. *See United States v. Alonzo*, 435 F.3d 551, 553-54 (5th Cir. 2006). "The presumption is rebutted only upon a showing that the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors." *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). Although Wakeford argues that the district court failed to consider his allegedly minor role, the record shows that the court listened to his arguments in mitigation but assigned greater weight to his criminal history. We will not reweigh the district court's balancing of relevant factors, *see Douglas*, 957 F.3d at 609-10, and accordingly conclude that the court's sentence was substantively reasonable.

AFFIRMED.