# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 5, 2020

Lyle W. Cayce
Clerk

No. 19-11367
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

PAUL CROW,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:19-CR-161-2

Before KING, SMITH, and WILSON, *Circuit Judges*.

PER CURIAM:[*]

Paul Crow pled guilty to conspiracy to possess 15 or more counterfeit or unauthorized access devices. The district court sentenced Crow to an above-guidelines term of 60 months of imprisonment, the statutory maximum. On appeal, Crow contends that the district court clearly erred in

---

[*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

applying a two-level enhancement under U.S.S.G. § 2B1.1(b)(2)(A)(i) for an offense involving ten or more victims.  Crow also challenges the substantive reasonableness of his sentence.

In reviewing a sentence imposed by the district court, we first consider "whether the district court committed a 'significant procedural error,' such as miscalculating the advisory Guidelines range." *United States v. Odom*, 694 F.3d 544, 547 (5th Cir. 2012) (citation omitted).  "If there is no error or the error is harmless, this court may proceed to the second step and review the substantive reasonableness of the sentence imposed for an abuse of discretion." *Id.*

Here, the Government has met its burden of showing that any procedural error was harmless.  To prove harmless error, the Government must convincingly demonstrate "(1) that the district court would have imposed the same sentence had it not made the error, and (2) that it would have done so for the same reasons it gave at the prior sentencing." *United States v. Ibarra-Luna*, 628 F.3d 712, 714 (5th Cir. 2010).  The district court unambiguously explained that given the nature of Crow's offense and Crow's extensive criminal history—and regardless of what the guidelines range might be—the statutory maximum sentence was appropriate, if not too lenient.  The Government has therefore shown that even if the district court clearly erred in applying a two-level enhancement under § 2B1.1(b)(2)(A)(i), the error was harmless.

Next, Crow challenges the substantive reasonableness of his sentence. Because he sought a sentence within or below the advisory guidelines range in the district court, Crow preserved his substantive reasonableness challenge by "advocat[ing] for a sentence shorter than the one ultimately imposed." *Holguin-Hernandez v. United States*, 140 S. Ct. 762, 766 (2020).

In reviewing a non-guidelines sentence for substantive reasonableness, this Court considers "the totality of the circumstances, including the extent of any variance from the Guidelines range, to determine whether, as a matter of substance, the sentencing factors in section 3553(a) support the sentence." *United States v. Gerezano-Rosales*, 692 F.3d 393, 400 (5th Cir. 2012) (internal quotation marks and citations omitted). We "give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *United States v. Broussard*, 669 F.3d 537, 551 (5th Cir. 2012) (internal quotation marks and citation omitted). Still, a non-guidelines sentence may be substantively unreasonable if "it (1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006).

The record does not show that the district court failed to account for a factor that should have received significant weight, gave significant weight to an irrelevant or improper factor, or committed a clear error of judgment in balancing the § 3553(a) factors. *See id.* Crow's arguments amount to a request for this court to reweigh the statutory sentencing factors, which we will not do, as the district court "is in a superior position to find facts and judge their import under § 3553(a) with respect to a particular defendant." *United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008) (citation omitted). Under the totality of the circumstances, including the extent of the variance and the § 3553(a) factors identified by the district court—particularly the scope of Crow's criminal history, which included similar prior offenses—Crow's sentence is reasonable. *See United States v. Key*, 599 F.3d 469, 475–76 (5th Cir. 2010).

The district court's judgment of sentence is AFFIRMED.