# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 27, 2021

Lyle W. Cayce
Clerk

No. 19-30838
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

DERRICK ANTONIO HALL,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:18-CR-321-1

Before DAVIS, STEWART, and DENNIS, *Circuit Judges*.

PER CURIAM:*

Derrick Antonio Hall entered a conditional guilty plea to being a felon in possession of a firearm, reserving his right to appeal the denial of his motion to suppress evidence obtained following a traffic stop and warrantless search of his vehicle. The district court varied above the guidelines and

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

sentenced Hall to 108 months of imprisonment and three years of supervised release.  Proceeding pro se on appeal, Hall challenges the district court's ruling on his motion to suppress, the reasonableness of his sentence, and the effectiveness of his trial counsel.

In challenging the district court's denial of his motion to suppress, Hall argues that the officers violated the Fourth Amendment and his reasonable expectation of privacy to travel to private property and engage in business with the store owner.  At the time of the investigatory stop, Hall's vehicle was parked in a gas station parking lot.  His vehicle was "thrust into the public eye" and, thus, the officer's examination of the exterior of the vehicle did not constitute a search.  *New York v. Class*, 475 U.S. 106, 114 (1986).  Moreover, the gas station parking lot was open to the public and available for public use, it was not "private in the sense relevant for Fourth Amendment protection." *Rountree v. Lopinto*, 976 F.3d 606, 609 (5th Cir. 2020).

Hall also contests the existence of reasonable suspicion to support the investigatory stop, additional reasonable suspicion to continue the detention, and probable cause to justify the warrantless search of his vehicle.  Nevertheless, the investigatory stop was warranted by the officer's observation of Hall's vehicle idling, unattended, and playing loud music, in in violation of Louisiana law.  *See* La. Rev. Stat. Ann. § 14:103.1; La. Rev. Stat. Ann. § 32:145; *see also United States v. Lopez-Moreno*, 420 F.3d 420, 430 (5th Cir. 2005).  After observing Hall exit the gas station and approach the vehicle, the officer pursued and smelled an increasingly strong scent of marijuana as he approached the vehicle.  Upon smelling the marijuana, the officer had "additional reasonable suspicion" to detain Hall, *United States v. Estrada*, 459 F.3d 627, 630-31 (5th Cir. 2006), and probable cause to conduct a warrantless search of the vehicle, *United States v. McSween*, 53 F.3d 684, 686-87 (5th Cir. 1995).  Accordingly, the district court

did not err in denying Hall's motion to suppress. *See United States v. Wright*, 777 F.3d 769, 773 (5th Cir. 2015).

However, Hall also challenges the credibility of the officer that conducted the investigatory stop and directed the search of his vehicle. Nevertheless, based on our review of the testimony and evidence presented at the suppression hearing, we are not persuaded that the officer's incident report, probable cause affidavit, suppression hearing testimony, or any of the minor discrepancies identified by Hall render the officer's testimony incredible as a matter of law. *See United States v. Casteneda*, 951 F.2d 44, 48 (5th Cir. 1992).

In further challenging the district court's denial of his motion to suppress, Hall argues that the suppression hearing transcripts contain an error, omission, or mutilation of certain suppression hearing testimony. However, Hall's assertions are unsubstantiated and fail to overcome the statutory presumption of accuracy to which the transcripts are entitled. *See* 28 U.S.C. § 753(b); *Veillon v. Exp. Servs., Inc.*, 876 F.2d 1197, 1201 (5th Cir. 1989).

Hall also argues that the Government suppressed the body camera footage of one of the three officers on the scene in violation of *Brady v. Maryland*, 373 U.S. 83 (1963), which would have proven that the officers were not permitted to be in the gas station parking lot. Hall fails to show that such evidence was favorable or material. *See Lopinto*, 976 F.3d at 609. In short, Hall has not established a *Brady* violation, plain or otherwise. *See United States v. Rounds*, 749 F.3d 326, 337 (5th Cir. 2014).

To the extent that Hall argues that the Government failed to prove that he knowingly possessed the firearm, Hall's argument fails to demonstrate plain error. *See United States v. Trejo*, 610 F.3d 308, 313 (5th Cir. 2010). Hall admitted facts supporting his possession of the firearm,

No. 19-30838

either solely or under a joint and constructive possession theory, which the district court explained at rearraignment, and stipulated that the Government could prove all elements of the offense. *See United States v. Meza*, 701 F.3d 411, 418-20 (5th Cir. 2012). His conclusory assertion is insufficient to demonstrate plain error. *See Trejo*, 610 F.3d at 313.

We decline to consider the ineffective assistance of counsel claims that Hall raises without prejudice to Hall raising them on collateral review. *See United States v. Isgar*, 739 F.3d 829, 841 (5th Cir. 2014).

Lastly, Hall raises several challenges to the procedural and substantive reasonableness of his sentence. Hall argues that the district court erred in imposing an upward departure in violation of U.S.S.G. § 4A1.3(a)(3) and in calculating his criminal history score in violation of U.S.S.G. § 4A1.2(e). Though Hall characterizes his sentence as an upward departure, it is clear from the record that the district court imposed a non-guidelines sentence by varying above the guidelines. *See United States v. Peterson*, 977 F.3d 381, 394 (5th Cir. 2020). Likewise, Hall misconstrues the record in arguing that the district court erroneously calculated his criminal history points in violation of § 4A1.2(e). The record reveals that Hall did not receive any criminal history points for crimes out of the 15-year period prescribed by § 4A1.2(e). Accordingly, Hall has failed to show that the district court erred in misapplying the departure provisions of § 4A1.3 or in calculating his criminal history score. *See United States v. Williams*, 620 F.3d 483, 493 (5th Cir. 2010).

Moreover, Hall challenges the district court's consideration of his criminal history and his uncharged criminal conduct in imposing its above-guidelines sentence. In imposing a non-guidelines sentence, a district court may consider a defendant's criminal history, including those adjudications already considered by the Guidelines and those not accounted for by the

guidelines sentence. *See United States v. Smith*, 440 F.3d 704, 709 (5th Cir. 2006). Likewise, the district court may consider uncharged conduct, like arrests, if "sufficient evidence corroborates their reliability." *United States v. Harris*, 702 F.3d 226, 230-31 (5th Cir. 2012) (per curiam) (internal quotation marks and citation omitted). The presentence report in this case has an adequate evidentiary basis with sufficient indicia of reliability such that the district court did not err in considering it. *Id.* Accordingly, Hall has not demonstrated that the district court abused its discretion in varying above the guidelines. *Williams*, 620 F.3d at 493; *United States v. Odom*, 694 F.3d 544, 547 (5th Cir. 2012).

In that vein, Hall also argues that the district court's consideration of his criminal history and uncharged criminal conduct constituted a breach of his plea agreement. However, the Government complied with its obligations under the plea agreement and the district court's consideration of Hall's criminal history was not inconsistent with the terms of the agreement. As such, Hall has failed to establish the existence of a breach by a preponderance of the evidence. *See United States v. Wittie*, 25 F.3d 250, 262 (5th Cir. 1994).

Accordingly, the judgment of the district court is AFFIRMED. Hall's outstanding motions are DENIED.