# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 23, 2021

Lyle W. Cayce
Clerk

No. 20-50993
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ADRIAN HUNT,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:20-CR-134-1

Before OWEN, *Chief Judge*, and SOUTHWICK and WILSON, *Circuit Judges*.

PER CURIAM:*

Adrian Hunt appeals the 262-month, within-guidelines sentence of imprisonment imposed following his guilty-plea conviction of conspiring to possess with the intent to distribute 50 grams or more of actual methamphetamine. He argues that the district court erred in adjusting his

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-50993

offense level pursuant to U.S.S.G. § 2D1.1(b)(1), which provides for a two-level enhancement "[i]f a dangerous weapon (including a firearm) was possessed[.]"  § 2D1.1(b)(1).

This court applies an abuse-of-discretion standard to preserved claims of sentencing error, under which it reviews a district court's factual findings for clear error. *United States v. Odom*, 694 F.3d 544, 546 (5th Cir. 2012).  The Government is required to prove the applicability of § 2D1.1(b)(1) by a preponderance of the evidence. *See United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).  One way it can do so is to demonstrate that another individual involved in the commission of an offense possessed a weapon and that the defendant could have reasonably foreseen that possession. *Id.* at 764-65.  Should the Government succeed in this, "the burden shifts to the defendant to show that it was clearly improbable that the weapon was connected with the offense." *United States v. Ruiz*, 621 F.3d 390, 396 (5th Cir. 2010).  "A factual finding is not clearly erroneous if it is plausible, considering the record as a whole." *Id.*

The district court applied § 2D1.1(b)(1) here because Angelina Leatherwood, one of Hunt's coconspirators, was found to possess a pistol and a large amount of methamphetamine when stopped after leaving a residence used for drug trafficking.  Hunt argues that Leatherwood's possession of a gun was not reasonably foreseeable to him.  Assuming this argument is preserved, it fails nonetheless because Hunt has not shown that the district court's foreseeability finding was clearly erroneous.  "Ordinarily, one co-conspirator's use of a firearm will be foreseeable because firearms are 'tools of the trade' in drug conspiracies." *United States v. Mergerson*, 4 F.3d 337, 350 (5th Cir. 1993).  Hunt was with Leatherwood before her arrest, and that same day the two had reportedly returned from one of Leatherwood's weekly trips to renew her supply of methamphetamine.  The district court's foreseeability finding is plausible on the record before us, and Hunt's

No. 20-50993

challenge is therefore unavailing.  *See Cisneros-Gutierrez*, 517 F.3d at 764-65; *Ruiz*, 621 F.3d at 396.

AFFIRMED.