# United States Court of Appeals
# for the Fifth Circuit

———————

No. 23-40102
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**
October 18, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Miriam Nayely Lopez-Hernandez,

*Defendant—Appellant*.

———————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:21-CR-805-1

———————————————

Before Wiener, Stewart, and Douglas, *Circuit Judges*.

Per Curiam:[*]

After she was apprehended driving a vehicle laden with drugs over the U.S.-Mexico border, Defendant-Appellant Miriam Nayely Lopez-Hernandez pleaded guilty to importing into the United States approximately 51 kilograms of a mixture or substance containing a detectable amount of methamphetamine. Her sole contention on appeal is that the district court

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-40102

erred in refusing to award her a mitigating-role downward adjustment. Lopez-Hernandez preserved that contention through an objection to the Presentence Report ("PSR"). *See United States v. Odom*, 694 F.3d 544, 546 (5th Cir. 2012). Our review of whether Lopez-Hernandez was a minor or minimal participant is a factual determination reviewed for clear error. *United States v. Villanueva*, 408 F.3d 193, 203 (5th Cir. 2005). A finding is not clearly erroneous if it is "plausible in light of the record read as a whole." *Id.*

A defendant is entitled to a downward adjustment under the Sentencing Guidelines if he or she "play[ed] a part in committing the offense that makes his [or her] substantially less culpable than the average participant in the criminal activity." U.S.S.G. § 3B1.2 cmt. n.3(A). Lopez-Hernandez insists that she was the least culpable person in the trafficking scheme and that she should receive such an adjustment. However, Lopez-Hernandez has the burden of showing that she was less culpable than the *average* participant, not that she was simply less involved than others. *See United States v. Castro*, 843 F.3d 608, 613 (5th Cir. 2016). Before the district court, she only identified one other participant, the purported leader of the trafficking organization. The district court determined that, while the leader participated in the criminal activity at a "higher level" than Lopez-Hernandez, she was an average participant, and the leader's participation was above average.[1] These findings are not clearly erroneous, and the district court's denial of the mitigating role adjustment is consistent with the facts before it.

AFFIRMED.

---

[1] The government indicated that it was aware of "a few" other individuals involved in the criminal enterprise, but their roles and relative levels of culpability were never made clear to the district court. And it was Lopez-Hernandez's burden to establish the culpability of the average participant. *Castro*, 843 F.3d at 613. However, she did not do so.