# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 20, 2023

Lyle W. Cayce
Clerk

No. 23-40221
Summary Calendar

———————

United States of America,

*Plaintiff—Appellee*,

*versus*

Jorge Albeiro Silva-Salazar,

*Defendant—Appellant*.

———————

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:17-CR-12-17

———————

Before Barksdale, Engelhardt, and Wilson, *Circuit Judges*.

Per Curiam:[*]

During the Government's case-in-chief at his trial, Jorge Albeiro Silva-Salazar pleaded guilty to: manufacturing and distributing five kilograms or more of cocaine intending, knowing, and with reasonable cause to believe the cocaine would be unlawfully imported into the United States; and conspiring to manufacture and distribute cocaine intending, knowing,

———————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

and with reasonable cause to believe it would be unlawfully imported into the United States, in violation of 21 U.S.C. §§ 959, 963, and 960(b)(1)(B)(i). The court sentenced him, *inter alia*, to concurrent terms of 200-months' imprisonment.

Silva presents one issue regarding his plea and two regarding his sentence. For the former, he asserts that the factual basis for his guilty plea is insufficient; for the latter, that the imprisonment portion of his sentence is procedurally and substantively unreasonable. Each challenge fails.

Because Silva did not raise the first issue in district court, review is only for plain error. *E.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012). Under that standard, Silva must show a forfeited plain error (clear-or-obvious error, rather than one subject to reasonable dispute) that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes that showing, we have the discretion to correct the reversible plain error, but generally should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.* (citation omitted).

"Before entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea." Fed. R. Crim. P. 11(b)(3). Under plain-error review, our court may "scan the entire record" for facts supporting the plea. *United States v. Ortiz*, 927 F.3d 868, 872–73 (5th Cir. 2019) (citation omitted).

The written factual basis may be deficient, but information in the record supports Silva's convictions. During the plea colloquy, Silva: acknowledged specific instances in which he and a codefendant trafficked cocaine; and agreed he knew, or had reason to believe, at least five kilograms of cocaine would be unlawfully imported into the United States. His contrary description of the colloquy is refuted largely by the change-of-plea transcript,

and it is not clear or obvious any ambiguity should be viewed as he asserts. In the alternative, he also fails to show this complained-of-error affected his substantial rights.

Next addressed are Silva's two sentencing issues. The court calculated Silva's advisory Sentencing Guidelines range to be 120- to 121-months' imprisonment but varied above that range and sentenced him to the earlier noted consecutive terms of 200 months of imprisonment.

Although post-*Booker*, the Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 46, 51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

For the first of his two sentencing issues, Silva contends the court erred procedurally by finding, by a preponderance of the evidence, he was a leader or organizer. (Although the court refused for procedural reasons to consider his leader-or-organizer role as an enhancement, it did address that role in deciding to impose an upward variance.) Silva arguably did not preserve this contention. We need not decide this question because Silva's contentions fail even under the less-deferential standard. Specifically, Silva fails to show the court clearly erred by relying on the presentence investigation report and uncontroverted evidence that he worked closely with the head of a major drug-trafficking organization. *E.g.*, *United States v. Odom*, 694 F.3d 544, 546–48 (5th Cir. 2012) (applying clear-error review).

No. 23-40221

For Silva's second sentencing issue, the substantive-reasonableness challenge, review is for abuse of discretion. *E.g.*, *United States v. Diehl*, 775 F.3d 714, 724 (5th Cir. 2015) (discussing standard of review). A sentence is substantively unreasonable if it "(1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors". *United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006).

Silva contends the court reversibly erred by: not giving significant weight to his lack of criminal history and characteristics; and giving inadequate weight to his role in the offense and his failure to accept responsibility. Silva fails to show any abuse of discretion. The court was aware of Silva's mitigation contentions, but consulted the advisory Guidelines sentencing range and considered the 18 U.S.C. § 3553(a) sentencing factors to impose the sentence. It also did not abuse its discretion in weighing Silva's role in the offence and failure to accept responsibility.

He essentially asks our court to reweigh the 18 U.S.C. § 3553(a) sentencing factors and substitute our judgment on appeal, which our court will not do. *See Gall*, 552 U.S. at 51; *United States v. Heard*, 709 F.3d 413, 435 (5th Cir. 2013) (declining to reweigh § 3553(a) sentencing factors on substantive-reasonableness review). Silva's disagreement with the district court's balancing of sentencing factors "is not a sufficient ground for reversal". *United States v. Malone*, 828 F.3d 331, 342 (5th Cir. 2016).

AFFIRMED.

4