# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 12, 2024

Lyle W. Cayce
Clerk

No. 23-40333
Summary Calendar

———————

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

MICHAEL LYNN CRISP, JR.,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:21-CR-13-1

———————————————————

Before KING, HAYNES, and GRAVES, *Circuit Judges*.

PER CURIAM:[*]

Michael Lynn Crisp, Jr. pleaded guilty to distribution of child pornography, receipt of child pornography, and possession of child pornography. He appeals his within-guidelines sentence of 210 months of imprisonment on procedural and substantive reasonableness grounds.

———————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

We review a sentence for reasonableness in view of the 18 U.S.C. § 3553(a) sentencing factors. *Gall v. United States*, 552 U.S. 38, 49-50 (2007). In conducting this review, we first determine whether the district court committed any significant procedural error, "such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Id.* at 51. If there is no procedural error or if any such error was harmless, we "may proceed to the second step and review the substantive reasonableness of the sentence imposed for an abuse of discretion." *United States v. Odom*, 694 F.3d 544, 547 (5th Cir. 2012).

Crisp first contends that the district court procedurally erred by selecting a sentence based on clearly erroneous facts, insofar as it overruled his objections to paragraphs 22 and 23 of the presentence report (PSR). *See Gall*, 552 U.S. at 51. However, the information was based on an investigative interview of Crisp's then common-law wife and a child forensic interview of one of her children; results of police investigations, especially detailed offense reports and information from interviews with victims and witnesses, are generally considered reliable. *See United States v. Fields*, 932 F.3d 316, 320 (5th Cir. 2019). Because Crisp's rebuttal evidence regarding his strained relationship with his wife and the complaining child's prior inconsistent statements was insufficient to demonstrate that the challenged information was materially untrue, inaccurate, or unreliable, the district court was entitled to rely on the information at sentencing, and there was no clear error. *See United States v. Harris*, 702 F.3d 226, 229-30 (5th Cir. 2012).

Next, Crisp contends that the district court abused its discretion by denying his motion for a downward variance, which "amounts to a challenge to the substantive reasonableness of [his] sentence." *United States v. Douglas*, 957 F.3d 602, 609 (5th Cir. 2020) (internal quotation marks and

citation omitted). The district court reviewed the record and the PSR and heard the parties' arguments, including Crisp's motion for a downward variance and his arguments that the application allowed downloading of batches of images and that there was no evidence he intentionally sought sadistic and masochistic images. The court then determined a sentence at the bottom of the guidelines range was appropriate, which is entitled to a presumption of reasonableness. *See id.* There is no merit to Crisp's argument that the trend in varying downward shows the district court erred in denying a downward variance. *See United States v. Miller*, 665 F.3d 114, 122 (5th Cir. 2011). To the extent he argues the district court erred in balancing the sentencing factors, he is essentially asking us to reweigh the factors, which we will not do. *See United States v. Heard*, 709 F.3d 413, 435 (5th Cir. 2013). His disagreement with the district court's sentencing decision is insufficient to rebut the presumption of reasonableness. *See United States v. Gutierrez*, 635 F.3d 148, 154 (5th Cir. 2011). Accordingly, Crisp has not shown the district court abused its discretion in denying his motion for a downward variance or that his within-guidelines sentence was substantively unreasonable. *See Douglas*, 957 F.3d at 609.

Finally, Crisp asserts the district court erred in relying on the number of victims and victim impact statements as a factor in determining the length of his sentence. Although a request for a lower sentence is sufficient to preserve a general substantive reasonableness challenge, it is not sufficient to preserve Crisp's specific argument on appeal that his sentence was substantively unreasonable because the district court erred in relying on the number of victims and victim impact statements as a factor in determining the length of his sentence. *See United States v. Zarco-Beiza*, 24 F.4th 477, 481-82 (5th Cir. 2022). Therefore, review is limited to plain error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). To prevail on plain error review, he must show a forfeited error that is clear or obvious and that affects

No. 23-40333

his substantial rights. *See id.* If he makes this showing, we have the discretion to correct the error only if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks, citation, and brackets omitted).

Crisp has not identified a decision in which we have held that a district court may not consider the number of victims or victim impact statements in determining the length of a sentence for distribution, receipt, and possession of child pornography convictions. Because his theory would require the extension of current case law, any error was not clear or obvious. *See United States v. Trejo*, 610 F.3d 308, 319 (5th Cir. 2010). Crisp has not shown that the district court plainly erred in considering the number of victims and victim impact statements when determining his sentence. *See Puckett*, 556 U.S. at 135.

AFFIRMED.