# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 3, 2024

Lyle W. Cayce
Clerk

No. 23-60484
Summary Calendar
_____

United States of America,

*Plaintiff—Appellee*,

*versus*

Robert Taylor,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:22-CR-115-1

_____

Before Jones, Southwick, and Ho, *Circuit Judges*.

Per Curiam:[*]

Robert Taylor pleaded guilty, with a plea agreement, to interstate transportation of a visual depiction of a minor engaging in sexually explicit conduct. The district court sentenced him to 135 months of imprisonment, five years of supervised release, and $7000 in restitution. Taylor appeals his sentence. We review a sentence for reasonableness in view of the 18 U.S.C.

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

§ 3553(a) sentencing factors. *Gall v. United States*, 552 U.S. 38, 49-50 (2007). We first determine whether the district court committed any significant procedural error. *Id.* at 51. Then, if necessary, we "proceed to the second step and review the substantive reasonableness of the sentence imposed for an abuse of discretion." *United States v. Odom*, 694 F.3d 544, 547 (5th Cir. 2012).

Taylor argues that the sentence was procedurally flawed because the district court failed to provide an adequate explanation. *See Gall*, 552 U.S. at 51. Taylor concedes that our review is for plain error. *See United States v. Coto-Mendoza*, 986 F.3d 583, 585-86 (5th Cir. 2021). The district court "should set forth enough to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356 (2007). The district court considered Taylor's arguments for a downward variance, rejected them, and had a reasoned basis for exercising its authority. *See id.*

Next, Taylor argues the district court imposed an unreasonable sentence because it denied his motion for a downward variance. We review the denial of a downward variance for abuse of discretion and recognize that a sentence within a properly calculated guidelines range is presumptively reasonable. *United States v. Douglas*, 957 F.3d 602, 609 (5th Cir. 2020). To rebut the presumption, a defendant must show "that the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors." *Id.* (internal quotation marks and citation omitted). Taylor has not made this showing.

AFFIRMED.