# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 23, 2025

Lyle W. Cayce
Clerk

No. 24-60303
Summary Calendar

───────────────

United States of America,

*Plaintiff—Appellee*,

*versus*

Mark Robillia,

*Defendant—Appellant*.

───────────────

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:22-CR-162-1

───────────────

Before Jolly, Jones, and Willett, *Circuit Judges*.

Per Curiam:[*]

A jury found Mark Robillia guilty of one count of possession with intent to distribute methamphetamine and one count of possession of a firearm as a convicted felon. He received a within-guidelines sentence of 420 months in prison, three years of supervised release, and a fine of $15,000. He now appeals, challenging the constitutionality of the gun charge, the factual

───────────────

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

sufficiency of his conviction, and the procedural and substantive reasonableness of his sentence.

Robillia contends that 21 U.S.C. § 922(g)(1), which prohibits firearm ownership by convicted felons, is unconstitutional as applied to him. We review de novo. *See United States v. Diaz*, 116 F.4th 458, 462 (5th Cir. 2024), *petition for cert. filed* (Feb. 18, 2025) (No. 24-6625). Robillia's argument fails in light of our recent decision in *United States v. Bullock*, 123 F.4th 183, 185 (2024).

Next, Robillia argues that there is insufficient evidence to support the jury's guilty verdict. We review de novo to determine "whether a reasonable jury could find that the evidence establishes the guilt of the defendant beyond a reasonable doubt." *United States v. Garcia*, 99 F.4th 253, 260-61 (5th Cir. 2024) (citations omitted). Our review is "highly deferential to the verdict" and we will "evaluate all evidence and draw all inferences in favor of the prosecution." *Id.* at 261. Here, we have no difficulty concluding that a rational jury could have found Robillia guilty based on the testimony and evidence presented at trial. While Robillia focuses on the credibility of a coconspirator witness, we "defer to the credibility determinations of the jury" and have previously held that "a defendant may be convicted on the uncorroborated testimony of a coconspirator who has accepted a plea bargain so long as the coconspirator's testimony is not incredible." *United States v. Perry*, 35 F.4th 293, 317 (5th Cir. 2022) (quotation marks and citation omitted).

Regarding the procedural reasonableness of Robillia's sentence, we review the district court's interpretation and application of the Sentencing Guidelines de novo and its factual findings for clear error. *See United States v. Odom*, 694 F.3d 544, 546 (5th Cir. 2012). "A factual finding is not clearly erroneous if it is plausible in light of the record as a whole." *United States v.*

No. 24-60303

*Zuniga*, 720 F.3d 587, 590 (5th Cir. 2013).  Robillia alleges three errors in the calculation of his Sentencing Guidelines ranges.

First, Robillia asserts the court miscalculated his base offense level by attributing to him amounts of methamphetamine beyond that seized in the search of his room.  Here, the record included evidence of two historical methamphetamine purchases amounting to over 900 grams, three controlled buys by law enforcement comprising over 100 grams, and nearly 400 additional grams recovered in the search.  The court did not clearly err in including these amounts as relevant conduct in its sentencing calculation.  *See United States v. Barfield*, 941 F.3d 757, 762 (5th Cir. 2019).

Second, Robillia challenges the application of U.S.S.G. § 2D1.1(b)(5), which provides for a two-level enhancement for the importation of the drugs, arguing that the district court erred by finding that the drugs had been imported.  The high purity of the methamphetamine here permits the plausible finding that it was imported. *See United States v. Arayatanon,* 980 F.3d 444, 452 (5th Cir. 2020).   The district court did not clearly err.

 Third, Robillia argues that the two-point enhancement pursuant U.S.S.G. § 2D1.1(b)(1) for possessing a firearm during the course of the offense is unconstitutional on the same basis he challenges the statute of conviction.  This argument fails for the same reason his statutory challenge fails.

Robillia also challenges the substantive reasonableness of his sentence.  We review for an abuse of discretion.  *Gall v. United States*, 552 U.S. 38, 51 (2007).  Robillia's within-guidelines sentence is entitled to a presumption of reasonableness.  *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).  To rebut that presumption, Robillia must show "that the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents

a clear error of judgment in balancing sentencing factors." *Id.* at 186. Robillia proposes two considerations—his age and his purportedly limited participation in the criminal enterprise—that he believes did not receive sufficient weight in his sentencing. But his general disagreement with the propriety of his sentence and the district court's weighing of the 18 U.S.C. § 3553(a) factors is insufficient to establish that the district court erred in balancing them. *See Gall*, 552 U.S. at 51; *Cooks*, 589 F.3d at 186.

Finally, for the first time on appeal, Robillia argues that the $15,000 fine is substantively unreasonable. We review for plain error. *United States v. Brantley*, 537 F.3d 347, 350 (5th Cir. 2008). Robillia contends that the district court failed to account for his history of indigency and present inability to pay. However, he provides no authority for his argument and fails to explain how his claim meets the stringent requirements of plain error review. He has, therefore, forfeited this argument by failing to brief it adequately. *See United States v. Quintanilla*, 114 F.4th 453, 465 (5th Cir. 2024). In any event, our review of the record shows that both the presentence report and the district court took his indigency into consideration. There was no error, plain or otherwise.

The judgment of the district court is AFFIRMED.